IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:11-CV-89-FL

| | |
|---|---|
| REBECCA GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 23, 28). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb, entered memorandum and recommendation ("M&R") wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R to which defendant responded. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits ("DIB") on September 4, 2007, alleging that she became unable to work on June 6, 2007. This application was denied initially and upon reconsideration. Hearing was held on November 19, 2009, before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period. On March 15, 2011, the Appeals Council ("AC") denied plaintiff's request for review. Plaintiff filed complaint in this court for review of the final administrative decision.

**DISCUSSION**

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)( 1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)( 1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: atrial fibrillation and epilepsy. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a range of medium work. The ALJ determined that plaintiff could not perform her past relevant work, but that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff was not under a disability at any time through the date of his decision.

B.  Analysis

Plaintiff objects to the magistrate judge's review of plaintiff's case, specifically, the magistrate judge's: (1) review of the plaintiff's medical record; (2) review of plaintiff's credibility; and (3) application of the Medical-Vocational Guidelines ("Grids"). First, plaintiff argues that the ALJ did not explain his findings about plaintiff's carpal tunnel syndrome, and the opinions of Dr. Christopher Isenhour (plaintiff's treating physician) and Mr. Henry Tonn, M.S. (a consultative

3

examiner), and that such a failure to evaluate by the ALJ cannot be cured by the court through adopting different grounds for affirming an administrative decision, in violation of SEC v. Chenery Corp., 318 U.S. 80 (1943). In the record, however, there is ample evidence that the ALJ evaluated plaintiff's carpal tunnel syndrome and its impact on plaintiff's use of her hands. See, e.g., tr. 16 (explaining that the ALJ "considered all symptoms" including the "pain and tingling" in plaintiff's left hand and how plaintiff's "right hand only bothers her when she does something for a long period of time"); id. at 17 (assessing the evaluation of Dr. Isenhour, including of plaintiff's carpal tunnel syndrome, and the "detailed report" of Mr. Tonn). The ALJ is charged with weighing medical evidence, as he has done here. Koonce v. Apfel, 166 F.3d 1209, at *7 (4th Cir. 1999) (unpublished per curiam opinion) ("An ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed . . . ."). Furthermore, since the ALJ did consider plaintiff's carpal tunnel syndrome, there is no issue raised under Chenery as to this court relying on different grounds than the agency. Chenery Corp., 318 U.S. at 95 ("We merely hold that an administrative order cannot be upheld unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained."). Therefore, plaintiff's first objection is overruled.

Second, plaintiff objects to the finding in the M&R that the ALJ properly assessed plaintiff's credibility according to Social Security Rulings 96-7p and 96-8p. Plaintiff, relying on Social Security Ruling 96-7p, states that the ALJ must consider the entire case record, including objective medical evidence, the individual's own statements, information provided by treating or examining physicians or psychologists, and any other relevant evidence in the case record. See SSR 96-7p. The standard set forth in SSR 96-7p further states that the "reasons for the finding on credibility must be grounded in the evidence and articulated in the determination or decision . . . . The determination or decision must contain specific reasons for the finding on credibility, supported by

4

the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statement and reasons for the weight."  SSR 96-7p, 1996 WL 374186 (S.S.A.).  Furthermore, SSR 96-8p, delineates what must be contained in the RFC assessments when pain is alleged.[1] When weighing the credibility of plaintiff's allegations of disability, the ALJ stated that her allegations were exaggerated and unsupported by the medical records.  For instance, the ALJ noted that "claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." Tr. 17.  Plaintiff had RFC assessments, in addition to other types of medical assessments, between 2007 and 2009, on which the ALJ relied.  See M&R 4-9 (detailing each assessment of plaintiff examined by the ALJ).

Under well-settled law, an ALJ employs a two-step process in evaluating the intensity, persistence, and limiting effects of symptoms on a claimant's ability to perform basic work.  See Craig, 76 F.3d at 594; SSR 96-7p, 1996 WL 374186 at *2 (July 2, 1996).  "First, the ALJ must determine whether medically determinable mental or physical impairments can produce the symptoms alleged.  Second, the ALJ must evaluate the claimant's testimony about [her] subjective experiences."  Fisher v. Barnhart, 181 F. App'x 359, 363 (4th Cir. 2006) (per curiam) (citing Craig, 76 F.3d at 591-96).  The ALJ must consider the entire record in making this determination.  20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186 at *4.  The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, however,

---

[1] Specifically, it states that the assessment must: (1) "contain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms and the adjudicator's personal observations, if appropriate;" (2) "[i]nclude a resolution of any inconsistencies in the evidence as a whole; and" (3) "[s]et forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work."  SSR 96-8p, 1996 WL 374184, at *7 (S.S.A.).

5

plaintiff's statements regarding the intensity, persistence, and limiting effects of the these symptoms was not credible to the extent they were inconsistent with the RFC assessment. Therefore, plaintiff's second objection is overruled.

Plaintiff's third objection is to the ALJ's application of the Grids, as upheld in the M&R. Plaintiff's argument relies on a favorable finding in regard to her first objection, regarding plaintiff's carpal tunnel syndrome. As discussed, supra, plaintiff's carpal tunnel syndrome was sufficiently considered by the ALJ. Therefore, the ALJ's holding that plaintiff had the RFC to perform a range of medium work was proper, and supported by substantial evidence.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, DENIES plaintiff's motion for judgment on the pleadings (DE # 23), GRANTS defendant's motion for judgment on the pleadings (DE # 28), and AFFIRMS the final decision by defendant. The Clerk is directed to close this case.

SO ORDERED this the 6th day of February, 2013.

                                              LOUISE W. FLANAGAN
                                              United States District Judge